**FILED**

**05/03/2021**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

' Jasen Lynn DuShane In Pro Se
Reg. No. 95629-011
P.O. Box 33
Terre Haute, In. 47808

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

Civil Action No.   2:21-cv-00204-JPH-MG

JASEN LYNN DuSHANE,         Plaintiff

V.

L. Davis Psy. D.            Defendant

----------------------------------------------------------------------

CIVIL RIGHTS COMPLAINT

----------------------------------------------------------------------

A. PARTIES

1. I, Jasen L. DuShane, am a citizen of Indiana and presently reside at P.O. Box 33 Terre Haute, In. 47808 Terre Haute Federal U.S.P.

2. Defendant L. Davis is a citizen of Indiana whose address is 4700 Bureau Rd. North, Terre Haute, In. 47801 (Terre Haute USP Psychology)

B. JURISDICTION

1. This cause of action is brought pursuant to: Bivens v. Six Unknown named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)or §1983

2. Jurisdiction is invoked pursuant to 28 U.S.C. §  1343 (a) (3)

C. NATURE OF THE CASE
(Violation of 1st Amendment Rights- Retaliation causing a chilling affect on 1st Amend.)

On 02-24-2021 I filed an administrative remedy (grievence) against the defendant Dr. Davis stating " Dr. Davis is my current care provider from psychology. I am Care2-MH required by policy to be seen once per 30 days and more upon request/need. I have not seen Dr. Davis in 60 days

1.

( Dec 28th 2020 ). On Jan. 5th 2021 and Feb. 17th 2021 I requested to be seen by psychology and was not seen. Previously Dr. Davis exhibited aggresive behavior that I am not comfortable with. Furthermore, in response to a Bp8 previously Dr. Davis and Secchetti exhibited behavior that appears to be retaliation...Reducing my care from every two weeks to once every 30 days, then now not respecting my wishes...I have symptoms of severe depression, sever [SIC] memory loss that is progressive and confussion, headacks [SIC], hyper vigilence PTSD"

Remedy requested:

"Assign a Doctor to care for me.          (SEE Exhibit-A)
Provide Therapy
Research and test for early onset of dementia/brain trama"

(No Response moved on to next level)

On 02-25-2021 the day after Dr. Davis was served with the above grievence Dr. Davis reduced my care level to Care1-MH which does not require an inmate to be seen once per 30 days. It appeared to me that Dr. Davis was attempting to cover up her neglect of my care (SEE Exhibit-B)

On 03-18-2021 I was notified by Dr. Osborn that my care level had been changed by Dr. Davis. Dr. Osborn decerned that my care level was more appropriate at care2-MH. Subsequently, Dr. Osborn saw me 04-1-2021 04-09-2021 for suicidal thoughts and self-harm.

On 03-22-2021 I filed and administrative remedy (grievence) stating: " Dr Davis changed my care Level AFTER I filed a BP8 complaining that Dr. Davis was neglecting to see me per care2-MH Policy and after my specific requests to be seen for suicidle thoughts. (Staff Jan 5th 2021) (Self Feb and March) It appears Davis changed my care level in direct responce [SIC] to cover her not seeing me for well over 60 days (policy states every 30 days). I have been attempting to resolve issues with psychology by submission of a treatment plan and settlement (Received by Osborn) AND I have specificly requested counseling regarding staff mistreatment, neglect and mental health abuse, to resolve these issues. Dr Osborn refuses too counsel me regarding these issues. See record of care level attached"

Remedy requested:

"1. Accept treatment plan                    (SEE Exhibit-C)
 2. Counsel regarding neglect/mistreatment
 3. Counsel regarding depression, suicidle thoughts
 4. Counsel regarding other reported symptoms

2.

On  03-23-2021 Dr. Davis responded to the above grievence stating: "Mr. DuShane you were provided with a new clinician, as such, I no longer have any involvment with your treatment. This is now the fourth administrative remedy that you have submitted regarding the same issue, which has since been resolved. Your accusations are false and have no merit. I am now under the impression that you are purposefully writing complaints for no other reason than to be manipulative. As a result, this is my formal warning that I will submit a stalking memo on you if I receive another complaint with regard to this same issue. I have not interacted with you since transfering you to a new provider. If you have any concerns with regard to your treatment, it would be in your best interest that you discuss and process them with your new provider." (SEE Exhibit-D)

Seeing that a stalking charge is a 225 Code. This charge would get me kicked out of LCP Program I have been in for over a year. This charge would get me diciplined by loss of good time and other priviledges. This charge would likely cause me to be shipped to another prison. I would lose my program time credit persuant to First Step Act.

I took this as a clear threat and stopped the administrative prossess immediatly. I fear moving forward baised on the untrue statements in Dr. Davis' response. I have only writen Dr.Davis directly twice above (Exhibit-A and Exhibit-C) not any "fourth administrative remedy". Furthmore, as seen above, the issues were not "the same" and were not "resolved". It seemed clear to me that this threat was meant to stop me from addressing my issues. (Note: on 04-12-2021 Dr. Davis saw me for a clinical session further proving her reasons "I no longer have any invovlment with your treatment" to be false)

## D. CAUSE OF ACTION
### ( CLAIM ONE )

The actions by Dr. Davis have and continue to violate the plaintiff's First Amendmet Rights to Freedom of speach and to address grievences. The actions by threat as explained in the Nature of Cause have caused a cooling affect on the plaintiff's First Amendment Rights.

Supporting Facts:

The Defendant Dr. Davis made a clear threat to write the plaintiff up with a stalking memo. The threat was made in response to the plaintiff's administrative remedy (grievence). The stalking write up is a Code 225 which can cause a loss of time, loss of priviliges, and being expelled from the LCP program where he has been enrolled for over one year. Being expelled from LCP would result in the loss of additional First Step Act good conduct. Furthermore, the plaintiff would be required to move to another prison.

The baises for the defendant's accussations is on the following:
1. "This is now the fourth administrative remedy that you have submitted regarding the same issue, which has been resolved."

The above three points fail because:
A. DuShane only wrote 2 grievences directly related to Dr. Davis and her conduct.
B. As we read in Exhibit-A and Exhibit-C the issues were not the "same".
C. Since the issues were not the same, they were never "resolved"

2. Dr. Davis stated; " I no longer have any involvement with your treatment"

The above point fails because:
A. The grievence was about prior conduct and her attempt to cover her tracks to beat a previous grievence.
B. Dr. Davis subsequently saw me 04-12-2021 and was directly involved in providing a one hour session of treatment in response to me feeling suicidal after cutting myself 12 times with a razor 04-08-2021.

Dr. Davis then stated: "It would be in your best interest that you discuss and process them with your new provider".

Since the reasons for the threat were clearly false. The plaintiff can only guess at what could be considered "the same" issue. The plaintiff was forced to stop the grievence process out of fear of retaliation. Furthermore the plaintiff is bared from ever filing any further grievences against Dr. Davis.

The actions of Dr. Davis froze the plaintiff's right to address his grievences and violated his First Amendment rights. Dr. Davis also clearly did block the ability to exhaust his remedies which should be considered exhausted per PLRA.

4.

On 4-16-2021 Dr. Davis continued to retaliate by adding a anti-social diagnosis to my record. A diagnosis was not due for another 6 months and this diagnosis is given to problem inmates, to DuShane by a doctor who claimed to "no longer be involved with treatment".

### E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. I have NOT begun other lawsuits with the same facts anywhere

2. I HAVE attempted to resolve the issues regarded in some of Part D
  A. I wrote a grievence (Exhibit-C) and was threatened so I stopped and did NOT seek  out relief directly regarding Dr. Davis' threats to retaliate out of fear.
3. I have NOT exhausted per say administrative remedies.
  A. I was ordered to stop or I would be writen up and receive consequences. This should qualify as exhaustion per PLRA

### F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. I have had a previous lawsuit that was dismissed WITHOUT prejudice and leave to amend prescreening.
  a. Parties to lawsuit:

    Plaintiff: Jasen Lynn DuShane

    Defendant: Nevada Department Of Corrections

  b. Name and location of Court: U.S. Dist Court Northern Dist. of Nevada, 3:15.cv.00501

  c. Dismissed for failer to state a claim which relief may be granted

  d. Dated: 2015

  e. Disposition: 2015

### G. REQUEST FOR RELIEF

1. Declaration that the First Amendment Rights of plaintiff were violated
2. Punative damages in the amount of $2,500.00
3. Compensatory damages in the amount of $500.00
4. Injunction that psychology services treat for dementia and depression
    The undersigned declares under penulty of perjury that he is the plaintiff in the above action, authored it and it is true and correct.

Executed at Terre Haute USP on 4-24-2021

Jasen Lynn DuShane in Pro Se

5.