Jasen Lynn DuShane in pro se
Reg. No. 95629-011
P.O. Box 33
Terre Haute, In 47808

FILED

5/27/21

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

JASEN LYNN DuSHANE,
          Plaintiff,

Vs.                                    Case No. 2:21-cv-00204-JPH-MG

L.Davis, Chief Myers,
          Defendant(s).

------------------------------------------------------------------

AMENDED CIVIL RIGHTS COMPLAINT

------------------------------------------------------------------

## A. PARTIES

1. I, Jasen Lynn DuShane, in pro se, am a citizen of Indiana and presently reside at P.O. Box 33 Terre Haute, In. 47808/Terre Haute U.S.P.

2. Defendant, L. Davis is a citizen of Indiana and presently resides at 4700 Bureau Rd. N. Terre Haute, In. 47801(Is Sued in her individual and offical capacity [Psychology Services]).

3. Defendant Dr. Myers is a citizen of Indiana and presently resides at 4700 Bureau Rd. N. Terre Haute, In. 47801(Is sued in her individual and Offical capacity [Chief Psychologist]). Dr. Myers is the chief Psychologist, is Dr. Davis' direct supervisor and has authority to direct employees and make changes. Plaintiff notified Myers 2-18-2021 Prior to the actions herein and asked Dr. Myers to "intercede." SEE Exhibit-H (No response) On 4-29-2021 reported Dr. Davis' Conduct and asked for a meeting (no response). SEE Exhibit-K On 5-10-2021 both in person and Email reported fraudulant report 1-25-2021 by Davis (See camera footage 5-10-2021 Lunch Line 10:30am-12pm Dr. Myers refused to listen and became aggressive. SEE Also Exhibit-L-Reported Dr. Davis' Fraud and staff misconduct-No response). Myers remains complicit by diliberate ignorence and failed to supervise when asked and begged to intercede before harm was done...No response.

## B. JURISDICTION

1. This cause of action is brought pursuant to: Bivens v. Six Unknown named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)

2. Jurisdiction is invoked pursuant to 28 U.S.C. §1343 (a) (3).

## C. NATURE OF THE CASE

On 02-24-2021 I filed an administrative remedy (grievance) against the defendant (Dr. Davis,unless specifically stated all refrences herein to "defendant" are to Dr. Davis). The grievance stated the following:

Page 1

"Dr. Davis is my current care provider from psychology. I am Care2-MH required
by policy to be seen once per 30 days and more upon request/need. I have not
seen Dr. Davis in 60 days (Dec. 28th 2020). On Jan 5th 2021 and Feb. 17th 2021
I requested to be seen by psychology and was not seen. Previously Dr. Davis
exhibited aggressive behavior that I am not comfortable with. Furthermore, in
response to a Bp8 previously Dr. Davis and Secchetti exhibited behavior that
appears to be retaliation...Reducing my care from every two weeks to once every
30 days, then now not respecting my wishes [to be seen]... I have symptoms of
severe depression, sever [sic] memory loss that is progressive and confusion,
headacks [sic], hyper vigilence PTSD"
　　　　[Remedy Requested]
"Assign a doctor to care for me.
Provide Therapy
Research and test for early onset of dementia/brain trama"
　　　　　　　　　　　　　　　　　　　　(SEE Exhibit-A) Dated: 2-24-2021)
　　(See Exhibit-H Feb. 17th Email Prior to grievence)
　　　("Not heard from you in 53 days...I would love therapy...Please Help")


On 03-18-2021 I was notified by Dr. Osborn that my care level had been changed
by defendant Davis from Care2 to Care1 which does not require an inmate to be seen
"at least once per 30 days." It appeared to me that Dr. Davis was attempting to
cover up her neglect of not seeing the plaintiff (me and I herein) the minimum
"at least once per 30 days" and more upon request.

A review of the record will show that in fact the care level was Care2 on 02-23-2021
(See Exhibit-B Part One). Then the plaintiff filed his grievence 02-24-2021 (Exhibit-A Supra)
" I am Care2-MH required by policy to be seen once per 30 days." Then on 02-25-2021, the
day after filing the care level was changed to Care1 (See Exhibit-B Part Two).

On 03-22-2021 I filed an administrative remedy (grievence) stating:

"Dr. Davis changed my care level AFTER I filed a Bp8 complaining thaT Dr. Davis
was neglecting to see me per Care2-MH policy and after my specific requests to
be seen for suicidle thoughts (Staff Jan 5th 2021) (Self Feb. and March) It appears
Davis changed my care level in direct responce [sic] to cover her not seeing me for
well over 60 days (policy states every 30 days). I have been attempting to resolve
issues with psychology by submission of a treatment plan and settlement (Received
by Osborn) AND I have specificly requested counseling regarding staff mistreament,
neglect and mental health abuse, to resolve these issues. Dr Osborn refuses to
counsel me regarding these issues. See record of attached"
　[Remedy Requested]
1. Accept treatment plan
2. Counsel regarding neglect/mistreatment
3. Counsel regarding depression, suicidle thoughts
4. Counsel regarding other reported symptoms"
　　　　　　　　　　　　　　　　　　　(SEE Exhibit-C Dated: 03-22-2021)

On 03-23-2021 Dr. Davis responded to the above grievence by stating:

"Mr. DuShane you were provided with a new clinician, as such, I no longer have
any involvement with your treatment. This is now the fourth administrative
remedy that you have submitted regarding the same issues, which has since been

Page 2

> "resolved. Your accusations are false and have no merit. I am now
> under the impression that you are purposefully writing complaints
> for no other reason than to be manipulative. As a result, this is
> my formal warning that I will submit a stalking memo on you if I
> receive another complaint with regard to this same issue. I have
> not interacted with you since transfering you to a new provider.
> If you have any concerns with regard to your treatment, it would
> be in you best interest that you discuss and process them with your
> new provider." (SEE Exhibit-D )

Notes That a stalking charge is a code 225 and can be done by any government employee:

> "Prohibited Act Code, Stalking, is for the purpose of punishing repetitive
> inmate behavior, e.g., loitering, staring, leering, inappropriate remarks
> (short of insolence, profanity, or sexual proposals), that are not covered
> by another prohibited act code. When staff encounter such behavoir, the
> inmate should be specificly warned that it is inappropriate and must cease.
> If the behavior fits another prohibited act code provision, the inmate
> should be charged with violating that specific provision instead of stalking.
> (SEE Exhibit-E)

A stalking charge would result in the plaintiff losing priviledges, losing good conduct time, getting kicked out of LCP program that he has been in for over a year and most likely shipped to another prison. Accordingly, the plaintiff took this as a clear threat of retaliation and stopped his grievence procedures immediatly. I fear moving forward with any issues with regard to Dr. Davis. It is unclear what could be considered the "same issue". Also, all told I have only writen two grievences directly related to Dr. Davis (Exhibit A and C) The only previous grievence agianst Psychology was against Dr. Secchetti who quoted Dr. Davis writen to get my records (Resolved at first level)...So there was never any "Fourth Administrative Remedy" and the issue was not "resolved," nor were they "the same."

It seemed clear to me that this was meant as a threat to stop me from addressing my grievences. (Note: On 4-12-2021 Dr. Davis saw me for an hour clinical session further proving her reasons "I no longer have any involvement with your treatment" to be false).See Exhibit-I,J,...For notes added after "No longer" involved.

On 03-29-2021 Dr. Davis (Note: grievence for fraudulantly changing care level was submited 03-22-2021) went back in to the record and changed the care level back to Care2-MH. Dr. Davis back dated it to 02-25-2021 to erase the record of change (SEE Exhibit-B Part Three). Dr. Davis who "no longer has any involvement with treament" and has had very little contact with DuShane also change and added a new diagnosis to DuShane's record of AntiSocial given to problem inmates. This diagnosis was done
(See Exhibit-I, Record of back dated care change and added diagnosis-after grievence)

Page 3

six months early and over the previous diagnosis just done by a provider that spent nine months with the plaintiff. This seems like retaliation by Psychologist's Fallacy. Dr. Davis also falsified a report 1-25-2021 claiming to have seen DuShane 10:34am to cover her neglect (requested camera footage to show never left cell (See Exhibit-F).

## D. CAUSE OF ACTION CLAIM ONE

The actions by the defendant Dr. Davis have violated and continue to violate the plaintiff's First Amendment Rights to Freedom Of Speech and his Rights to address his grievences. The actions by threat of consequences as explained in the Nature of Cause have caused a Chilling Affect on the plaintiff's First Amendment Rights. Retaliation for grievances (protested right) is violation of 1st Amendment rights.

Supporting Facts:

The plaintiff incorperates all facts outlined in Nature of Cause herein in this claim claim. The defendant made a clear threat to write the plaintiff up with a stalking charge. The threat was made in direct response to a rightfull grievence. The stalking charge is a code 225 supra which can result in loss of; priviladges, good conduct time, being kicked out of LCP program and loss of good time pursuant to First Step Act, and can cause plaintiff to be moved to another prison.

The baisis for the defendant's accussations and threat of write up is for:
1. "This is now the fourth administrative remedy that you have submitted regarding the same issue, which has been resolved."

The above three points fail because:

A. DuShane only wrote two grievences directly related to Dr. Davis and her conduct.
B. As we read in Exhibit-A and Exhibit-C the issues were not "the same" and the issue was new and was not "resolved."
 2. Dr. Davis stated: "I no longer have any involvement with your treatment"
     The above point fails because:
A. The grievence was about prior conduct and her attempt to cover her tracks and wrong doing.
B. Dr. Davis subsequently saw the plaintiff 04-12-2021 after reporting feeling suicidal and after cutting self 12 times with a razor 4-8-2021.
     Dr. Davis further presented a veled threat by stating: "It would be in your best interest that you discuss and process them with your new provider."
(Note: In session 4-12 Davis warned "grievences" are only answered "begrudgingly See Ex-J)

Clearly the reasons for the defendant's threat of a stalking write up are clearly false and without merit, The plaintiff can only guess as to what could be considered "the same issue" or what could set Dr. Davis off. A FBOP staff (especialy female) can put a stalking charge on an inmate without much question. The plaintiff was forced to stop his grievence process out of fear of retaliation. Furthermore the plainfiff is bared from ever filing any grievences against Davis again (As we see from the record more issues I.E. false diagnosis and fake record of a session visit that never happened 1-25-2021, that since arose that could have been grieved.)

The actions of Davis froze the plaintiff's right to address his grievences and violated his First Amendment Rights. Davis clearly did block the ability to exhaust his remedies which therefore should be considered exhausted per PLRA.

## E. CAUSE OF ACTION CLAIM TWO

The plaintiff incorperates all events from Nature of Cause Herein for this claim. The plaintiff charges the defendant for violation of his 8th Amendment right to medical care which includes mental health care, and the defendant's diliberate indiference.

Supporting Facts:

The plaintiff has a history of suicide attempts that are documented by the FBOP 07/2012, 11/2016. A recomendation was brought with DuShane to FBOP custody to receive treatment and be house in a medical facility (SEE PSR and J&C US Dist. Court N Dist of Cal. 2:11-Cr-476-TLN).(Diagnosed-PTSD, Borderline Personality Disorder, Depression).

The plaintiff at the time of requests to be seen as discribed herein Jan 5th,Feb 2021 March 2021, was in fact care level 2 which required the inmates to be seen once per 30 days "at least" and more upon request.

Dr. Davis created a false and fraudulant session visit 1-25-2021 after receiving a request by staff January 5th 2021. See Exhibit-F Dr. Davis created this visit claiming the plaintiff came to her office and said"I do not need psychology for anything." A look at the camera footage will show DuShane stayed in his cell (requested to be saved 1-25-2021 6am to 11am [alledged meeting at 10:34am]).This should be neglect of care. The following history shows a decline in mental health and well being that starts with this neglect. Therapy support system gone....No steady schedule of therapy.

DuShane has complained of the following symptoms in his two grievences: "severe depression, severe memory loss that is progressive and confusion, headachs, hyper vigilence PTSD." DuShane has asked for "Research and tests for early onset of Dementia/

Page 5

brain trama." See Exhibit-A

DuShane also complained about " staff mistreatment, neglect and mental health abuse." See Exhibit-C DuShane requested help with "suicidal thoughts" and "other symptoms" I.E. "Memory loss, trouble following subject of conversations, forgetting how to spell simple words (own Mom's name) Trouble putting letters in wrong place when spelling, blurred or foggy thinking,Loss of hope."

Since then and to date DuShane has cut himself with a razor multiple times (4-9, 4-26, 5-6, 5-10-2021) DuShane continues to beg for therapy plan, therapy schedule, testing for fronta-lobe dementia, early onset of dementia, sudo-dementia (caused by depression) DuShane has been requesting psychiatrist (even had medical request psychology order a psychiatrist 4-13-2021). Psychology has refused to provide a treatment plan, therapy as needed (DuShane has been cutting himself weekly progressively worse and feeling suicidal) Psychology has refused to date to provide a psychiatrist.

Dr. Davis is no longer "my provider" but has influence as seen here by continued interaction and avalabilty to change and produce false records without over site by either Dr. Osborn (current provider) or the Chief Psychologist Dr. Myers.

The continued mistreatment by psychology services is causing harm to the plaintiff. There is a risk of suicide at this time that warents intervention at this point by the court. Psychology continues to neglect, minimize symptoms and retaliate by neglecting and ignoring the plaintiff's plea for help.

Policy for FBOP states: Care2 inmates are to be seen "at least once per 30 days" and more "upon request/need." Furthermore, there should be a "Heightened staff contact after self-injurious harm. " Again, weekly thoughts of suicide are cause to be placed as Care3-MH which is seen for therapy "once per week." Since writing grievences psychology staff has been resistant to even follow policy claiming you are care2-mh and by policy we only have to see you once per month.

This issue has been effectively blocked by Dr. Davis. The plaintiff fears bringing the "same issues" up in any grievences. These "same issues" are serious and to date the defendant cannot address them or find relief without fear of breaking the stalking warning. It is well know in this prison that staff routinely use "stalking" charges to retaliate and get rid of inmates who write grievences. The plaintiff continues to feel suicidal daily/weekly and like self-harm by cutting saying "please help me I am hurting."

The plaintiff begs for relief by this court to receive psychiatric help.

(SEE Exhibit-G for symptoms)

## F. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. I have NOT begun other lawsuits with the same facts anywhere.

2. I HAVE attempted to resolve the issues regarded in some of Part D & E

  A. I wrote a grievance (Exhibit-A/C)  and was clearly threatened so I was
forced to stop the move forward with "exhaustion" out of fear.

3. I beg for this court to recognize the actions herein as exhaustion per PLRA
  (I was ordered to stop or flace consiquences. This should qualify as exhaustion).

### G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. I have had a previous lawsuit that was dismissed prescreening WITHOUT prejudice.
  a. Parties to lawsuit: Jasen Lynn DuShane-Plaintiff
                       Nevada Dept. of Corrections-Defendant
  b. Name and location of Court: U.S. Dist Court Northern Dist of Nevada, 3:15-cv-501
  c. Dismissed for failer to state a claim for which relief could be granted
  d. Dated: 2015    e. Disposition: 2015

### H. REQUESTED RELIEF

1. Declaration that First Amendment Rights were violated as to Claim One
  A. Punitive damages $ 2,500.00
  B. Compensatory Damages $ 600.00
2. Declaration that Eighth Amendment Rights were violated as to Claim Two
  A. Punitive damages $ 1.00
  B. Compensatory damages $0.00
  C. Injunction for FBOP Psychology Services to provide:(Injunction applies to all claims)
    a. Therapy once per week as care3 inmate
    b. Neuro Psychological testing for memory loss
    c. Psychiatry as needed
    d. Research and provide treament plan for symptoms herein
    e. Provide indapendent psychologist and Psychiatrist evaluation

    The undersigned declares under penulty of perjury that he is the plaintiff
in the above action, has read it and that it is true and correct.

Executed at Terre Haute U.S.P. on 5-16-2021

                                Jasen Lynn DuShane in pro se
                                Plaintiff